## Case No. 264.

### ALSOP et al. v. MAXWELL.

[3 Blatchf. 399.][1]

Circuit Court, S. D. New York. Jan. 23, 1856.

CUSTOMS DUTIES—ENTRY AND APPRAISAL—VALUE OF FOREIGN COIN—CONSULAR CERTIFICATE.

Where, on an importation of copper from Chili, the invoice and entry were made out in dollars, in the currency of Chili, and were accompanied by a consular certificate, which showed that the Chili dollar was worth but ninety cents in United States currency, but the collector assesed duties on the invoice as made out, without allowing for the depreciation: *Held,* that the depreciation should have been allowed for, and that the excess of duties paid could be recovered back.

The case of Craig v. Maxwell, [Case No. 3,-334,] cited and approved.

[See, also, Alsop v. Maxwell, Case No. 263; Grant v. Maxwell, Id. 5,699; Fiedler v. Maxwell, Id. 4,760.]

At law. This was an action [by Joseph W. Alsop, Jr., and another] against [Hugh Maxwell] the collector of the port of New York, to recover back an excess of duties paid by the plaintiffs on a quantity of copper imported by them from Chili, in January, 1851.

John S. McCulloh, for plaintiffs.

Benjamin F. Dunning, for defendant.

INGERSOLL, District Judge. The original invoice of the copper in this case, was made out in the currency of Chili, which was depreciated about 10 per cent.; and a consular certificate, which accompanied the invoice, showed that the currency in which the invoice was made out, was so depreciated. The invoice, with the consular certificate attached, was presented at the custom-house, upon the importation of the copper. The entry was made out in conformity with the invoice. In Chili the doubloon, worth in fineness and weight, in the United States, only about sixteen dollars, is a legal tender at seventeen dollars and one quarter; and accounts and purchases in Chili are settled and paid for in doubloons, and are stated in dollars at the rates at which doubloons there pass current in commercial transactions, which is about 10 per cent. depreciation from the value fixed by law. The consular certificate shows that, in Chili, the true value of eight reals, or one dollar, of the currency of Chili, is ninety cents, estimated in Spanish or American dollars. The value of the copper, as set down in the invoice, was $21,957 07, as made out in Chili currency. The plaintiffs claimed that the duties to be paid in American or Spanish milled dollars, should be paid on the value of the invoice in American or Spanish dollars, and not on the value of the invoice in the currency of Chili. This claim of the plaintiffs the collector disregarded, and

charged and collected the duties in American dollars, upon the invoice as made out in the currency of Chili.

It was decided by this court, in the case of Craig v. Maxwell, [Case No. 3,334,] that, upon a state of facts such as exists in this case, the plaintiffs could recover. The object of the tariff law was, that upon goods of the kind imported by the plaintiffs, a certain ad valorem duty should be paid upon their value in the country from which they were imported. The collector disregarded the consular certificate, and, by the rule adopted by him, a greater ad valorem duty has been exacted than was authorized by law. Judgment must be rendered in favor of the plaintiffs, for the excess, with interest, to be adjusted at the custom-house.